(136 So. 574)

## CITY OF SHREVEPORT v. LOUISIANA GAS CO. et al.

### No. 30057.

July 17, 1931.

Aubrey M. Pyburn, of Shreveport, for appellant.

Wilkinson, Lewis, Wilkinson & Burford, Cook & Cook, and Smitherman, Tucker & Mason, all of Shreveport, for appellees.

O'NIELL, C. J.

The city of Shreveport brought this suit against the owners of lots in Queensborough subdivision, whose lots are adjacent to Exposition avenue and on the east side of the avenue, to establish the boundary line between the avenue and the adjacent lots. The city claims that the avenue should be fifty feet wide. It is conceded that the western thirty feet, of the fifty-foot width which the city claims, was dedicated for a street by M. A. McCutchen and Miss Bessie McCutchen, on the 24th of April, 1924, according to a map of their subdivision called Jefferson Heights. The city claims the additional twenty-foot width, along the east line of the McCutchen dedication by dedication from the Queensborough Land Company on the 6th of April, 1908. As the location and width of the McCutchen dedication is not disputed, this suit is, in reality, of the character of a petitory action, for the strip of land twenty feet wide and extending along the eastern line of the McCutchen dedication. The district judge rejected the city's demand; and the city has appealed from the decision.

The facts of the case are not disputed. The Queensborough Land Company owned the S. W. ¼ of S. E. ¼ of Sec. 3, tp. 17 N., R. 14 W.; and the McCutchens owned the S. E. ¼ of the S. W. ¼ of the same section. The McCutchen land and the Queensborough land were therefor adjacent; the McCutchen land being on the west side and the Queensborough land being on the east side of the line dividing the S. W. ¼ from the S. E. ¼ of section 3. On the 6th of April, 1908, the Queensborough

Land Company recorded a map of the Queensborough subdivision, supposed to outline the S. W. ¼ of S. E. ¼ of section 3; on which map the land was divided into squares and subdivided into lots, separated by streets and alleys. Along the west edge of the subdivision was left a strip of land twenty feet wide, which the city contends was dedicated for a street, by virtue of a legend on the map, signed by the president of the Queensborough Land Company, viz.: "We hereby dedicate to the public, for public use, all streets and alleys." The defendants deny that that dedication was a dedication of the strip of land twenty feet wide on the west edge of the subdivision, because that strip of land was not marked either as a street or an alley; whereas every street separating the squares was indicated by the name of the street, and every alley between the rows of lots was marked "Alley." We do not find it necessary to decide whether the dedication of all of the streets and alleys shown on the map of Queensborough subdivision was a dedication of the strip of land twenty feet wide along the edge of the subdivision, as shown on the map recorded on the 6th of April, 1908; because, by an error in the survey, this strip of land, twenty feet wide, was located further west than it should have been, and was a part of the McCutchen land. In May, 1923, Miss Bessie McCutchen, being then the sole owner of the S. E. ¼ of S. W. ¼ of section 3, bounded east by the Queensborough subdivision, brought suit against the Queensborough Land Company and the owners of lots in the Queensborough subdivision to establish the boundary line between the McCutchen land and the Queensborough subdivision; and, in November, 1923, a judgment was rendered in favor of Miss McCutchen, establishing the line, according to a survey made under orders of the court, further east than it was on the map of the Queensborough subdivision, dated the 6th of April, 1908. As thus judicially established, the boundary line between the McCutchen land and the Queensborough subdivision is, at its southern end, 62.61 feet east of the location which was erroneously shown on the Queensborough map dated the 6th of April, 1908, and is, on its northern end, 36.9 feet east of the location erroneously shown on the Queensborough map dated the 6th of April, 1908. The result of the judgment rendered in the suit entitled Miss Bessie McCutchen v. Queensborough Land Company et al. was to take away from the Queensborough subdivision, as shown on the map dated the 6th of April, 1908, and to recognize Miss McCutchen to be the owner of, not only the twenty-foot strip along the west edge of the original Queensborough subdivision, but also a strip of land along the east side of this twenty-foot strip, 42.61 feet wide on its southern end and 16.9 feet wide on its northern end, and encroaching upon the defendants' adjacent lots, bought from the Queensborough Land Company. The thirty-foot strip of land dedicated as a street by the McCutchens on the 24th of April, 1924, therefore, includes a part of the twenty-foot strip theretofore dedicated by the Queensborough Land Company, at its north end, and includes also, all along the line, a part of the lots bought by the defendants from the Queensborough Land Company. Therefore, what the city is now attempting to do is to compel these lot owners to give to the public, for a public street, an additional strip of land, twenty feet wide, along the east line of the McCutchen dedication, in lieu of the twenty-foot strip which is supposed to have been dedicated by the Queensborough Land Company on the 6th of April, 1908, but which, in fact belonged to the McCutchens. The dedication of the twenty-foot strip, made by the Queensborough Land Company on the 6th of April, 1908, assuming that it was intended to be a dedication of a street, was absolutely

null, because it was a donation of land belonging to the McCutchens, and not to the Queensborough Land Company. There is no obligation on the part of the owners of lots bought from the Queensborough Land Company to make good the invalid donation or dedication made by the company.

The argument of the attorney for the city is that the intention of the Queensborough Land Company, in making the dedication, was to dedicate a strip of land twenty feet wide along the west edge of the S. W. ¼ of S. E. ¼ of section 3, wherever the west boundary line of that quarter of a quarter section might be properly located. That may have been the intention of the Queensborough Land Company, but the fact remains that the so-called dedication was made according to a survey and map thereof, locating the twenty-foot strip on land which was afterwards adjudged to belong to some one else, and to be in the S. E. ¼ of S. W. ¼ of section 3. That was virtually acknowledged by the city, in accepting the dedication of the thirty-foot strip, because that dedication was made with reference to the new survey, approved by judicial decree, a blueprint of which survey, on a reduced scale, was made a part of the dedication. Our conclusion is that the judgment appealed from is correct.

The judgment is affirmed.